<u>**IN THE U.S. DISTRICT COURT FOR THE EASTERN DISTRICT**</u>
<u>**OF TENNESSEE AT GREENVILLE**</u>

| | |
|---|---|
| TAMELA WARD HAHN, <br> individually, as surviving spouse, and <br> Administratrix of the Estate of EDWARD <br> LEE HAHN, <br><br>      Plaintiff, <br><br> vs. <br><br> UNITED STATES OF AMERICA <br><br>      Defendant. | \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \* <br> \*      Case No. _____ <br> \* <br> \* <br> \* <br> \* |

<u>**COMPLAINT**</u>

Comes now the Plaintiff, Tamela Ward Hahn (hereinafter "Plaintiff"), individually, as surviving spouse and Administratrix of the Estate of Edward Lee Hahn, deceased, and for her Complaint against the Defendant, United States of America (hereinafter "Defendant"), alleges as follows:

1.     Plaintiff is a citizen and resident of the United States of America, residing in Smyth County, Virginia, at 1219 Valley Road, Saltville, VA 24370. Plaintiff brings this action in behalf of herself, individually, and as the Administratrix of the Estate of Edward Lee Hahn, her deceased husband (hereinafter "Mr. Hahn"), for her benefit and for the benefit of Catherine Anne Grace Hahn (age 13), daughter of Plaintiff and Mr. Hahn, and also Mr. Hahn's adult son, Zachary Nathaniel Hahn. A copy of the death certificate is attached as <u>Exhibit A</u>. A copy of the Letter of Qualification is attached as <u>Exhibit B</u>.

2.     This action arises out of medical negligence and wrongful death occurring at the Mountain Home/James H. Quillen VA Medical Center (hereinafter referred to as "the VA") located at the corner of Lamont Street and Veterans Way, Mountain Home, TN 37684.

1

3.     This action is brought pursuant to Title 28, USC § 2671, of the Federal Tort Claims Act. Jurisdiction and venue are proper with this Court as this cause of action arises out of medical negligence, deviations from the standards of acceptable medical and surgical practice, malpractice, injuries to Mr. Hahn, and his wrongful death occurring while he was a patient at the VA.

4.     Plaintiff has exhausted her administrative remedies by having properly initiated an action on the Department of Justice's Standard Form 95 on or about August 2, 2022, for a claim of injury and death arising out of medical negligence and malpractice within two (2) years of Plaintiff having been notified of the existence and/or cause of her deceased husband's injuries. Mr. Hahn's injuries occurred on August 25, 2021, while he was under the surgical care of Daniel S. Rush, M.D. (hereinafter "Dr. Rush"), an agent and/or employee of the Department of Veterans Affairs. The Department of Veterans Affairs provided confirmation that this tort claim was received but has not otherwise responded to Plaintiff's Standard Form 95 Notice of Claim. The six (6) month investigatory period has now expired. As such, Plaintiff deems the agency's inaction to be a "final denial" and, pursuant to 28 USC § 2675, Plaintiff is now free to file this formal Complaint.

5.     On or about August 25, 2021, Mr. Hahn received negligent medical and surgical care during a surgical procedure performed by Dr. Rush, which was provided to Mr. Hahn while he was a patient at the VA under the care of Dr. Rush and other agents/employees of the VA.

6.     The surgery, which took place on or about August 25, 2021, was for the purpose of implanting an Ash catheter to serve as a port for Mr. Hahn to begin receiving dialysis for his renal condition. This procedure was to be, and was, performed by Dr. Rush, while Dr. Rush was

an agent and/or employee of the VA, as set forth above and within the scope of his agency and/or employment.

7. During the Ash catheter procedure, Dr. Rush noticed that the guidewire he was using had coiled, a condition which he knew or should have known adversely affected its safe use. The guidewire was intended to allow the Ash catheter to be placed in Mr. Hahn's internal jugular vein. The standard of care requires that if such a guidewire becomes coiled or kinked, it is incumbent upon the surgeon to remove the guidewire, straighten it out if possible or obtain a straight guidewire, and then perform the guidewire insertion with a non-coiled guidewire. During Mr. Hahn's surgery, Dr. Rush noted the guidewire was coiled, but stated that with the use of fluoroscopy, he could tell the guidewire was in a proper position, though coiled, and continued to insert the guidewire. When Dr. Rush continued inserting the coiled guidewire, he met with resistance, but continued with the insertion. He met with resistance a second time and, in doing so, punctured Mr. Hahn's internal jugular vein and his right common carotid artery. This caused a stroke or thrombus in Mr. Hahn's basilar artery.

8. When Dr. Rush and the other agents/employees of the VA attempted to awaken Mr. Hahn at the conclusion of Dr. Rush's surgery, they were unable to do so as a result of the devastating injuries he had sustained, namely the basilar artery stroke caused by the puncture of the internal jugular vein and the right common carotid artery. As a result of these injuries, Mr. Hahn was left in a permanent, non-communicative, vegetative state. Mr. Hahn could not be aroused, nor was he able to communicate, and remained in a non-responsive state until life support measures were discontinued and he died from his injuries on September 14, 2021.

9. Mr. Hahn's injuries and death were the proximate result of the deviations from the standards of acceptable professional practice on the part of Dr. Rush and the other agents/employees of the VA who participated in Mr. Hahn's surgery.

10. As a proximate result of Defendant's deviation from the standard of care, Mr. Hahn sustained injuries to his carotid artery and internal jugular vein and the resulting stroke to the basilar artery. Dr. Rush and other agents/employees performed the procedure of August 25, 2021, and proximately caused injuries to Mr. Hahn which would not have occurred had the standards of acceptable professional practice been adhered to on the part of Defendant through its agents/employees.

11. The standards of acceptable professional practice in Mountain Home/Johnson City, TN, and similar communities, required the Ash catheter guidewire only to be inserted inside the internal jugular vein and not the carotid artery. When Dr. Rush met resistance, he should have stopped the guidewire insertion. When the guidewire is properly inserted, in proper position and non-coiled, the guidewire will enter the patient's internal jugular vein smoothly and without resistance. It is a violation of the standard of care to use a coiled guidewire and to continue to insert it against resistance. In Mr. Hahn's case, when Dr. Rush attempted to utilize the coiled guidewire, he punctured the patient's internal jugular vein, and by continuing to insert the guidewire when he encountered resistance, punctured the carotid artery and caused the basilar artery stroke. The carotid artery and internal jugular vein puncture occurred during the guidewire insertion and while Dr. Rush negligently failed to recognize the patient's injury and negligently continued the procedure.

12.     Plaintiff would show that Defendant, through the VA, and through its agents/employees, including Dr. Rush, departed from the acceptable standard of care for surgeons in Mountain Home/Johnson City, TN, or similar communities, in at least the following ways:

    A.  Failure to ensure that the guidewire was straight and not coiled during insertion;

    B.  Failure to stop insertion of the guidewire when Dr. Rush met resistance on at least two (2) separate occasions;

    C.  Puncture of Mr. Hahn's jugular vein with the guidewire;

    D.  Puncture of Mr. Hahn's carotid artery with the guidewire.

13.     As a proximate result of the Defendant's negligence and violations of the standards of care, Mr. Hahn suffered physical pain and mental suffering until his death.

14.     As a result of Mr. Hahn's preventable injuries and wrongful death proximately caused by Defendant, Plaintiff and other statutory beneficiaries may have suffered substantial economic and non-economic damages, including medical expenses, funeral and burial expenses, and the loss of the pecuniary value of Mr. Hahn's life, including the capacity to earn income.

15.     As a result of Mr. Hahn's preventable injuries and wrongful death proximately caused by Defendant, Plaintiff and other statutory beneficiaries have suffered tremendous sorrow, mental anguish, and losses in the form of Mr. Hahn's love, affection, companionship, comfort, society, services, and consortium.

16.     At all times material hereto, any and all staff at the VA, including but not limited to Dr. Rush, were acting as agents, apparent agents, and/or employees of Defendant.

17.     Plaintiff has complied with *T.C.A.* § 29-26-122 by attaching hereto as <u>collective Exhibit C</u>, a Certificate of Good Faith in compliance with said statute.

5

18.     Plaintiff has provided notice of the claim to the Government by having mailed Standard Form 95, via certified mail, return receipt requested, on August 2, 2022. These mailings are evidenced by the Affidavit of Dina Shirley attached hereto as <u>collective Exhibit D</u>.

19.     Plaintiff has also complied with the provisions of *T.C.A. § 29-26-121* by having mailed, via certified mail, return receipt requested, and with a certificate of mailing, written notice of the claim to all Defendants in this action, as follows:

    A.     Veteran's Administration Office of Chief Counsel, 3322 West End Avenue, Suite 509, Nashville, TN 37203;

    B.     U.S. Attorney's Office for Eastern District of Tennessee, U.S. Attorney's Office, 800 Market Street, Suite 211, Knoxville, TN 37902;

    C.     James H. Quillen Dept. of Veterans Affairs Medical Center, Corner of Lamont and Veterans Way, Mountain Home, TN 37684;

    D.     United States of America, Office of the Attorney General, U.S. Department of Justice, 950 Pennsylvania Ave. NW, Washington, DC 20530-0001;

    E.     Veterans Benefit Administration, Nashville Regional Office, 110 9th Avenue South, Nashville, TN 37203.

These mailings are evidenced by the Affidavit of Dina Shirly attached hereto as <u>Collective Exhibit D</u>, which states that such actions occurred, showing that notice letters were sent by certified mail to the above recipients on August 2, 2022, more than 60 days prior to the filing of this Complaint. Copies of the notice letters mailed are attached to the Affidavit of Dina Shirley. The certificates of mailing from the U.S. Postal Service, stamped with the date of mailing, are also attached to the Affidavit of Dina Shirley. The requirements of *T.C.A. § 29-26-121* have also been satisfied.

6

20.     Mr. Hahn is survived by his widow and Administratrix of the Estate of Edward Lee Hahn, Plaintiff Tamela Ward Hahn, his daughter Catherine Anne Grace Hahn, and his son Zachary Nathaniel Hahn.  This action is brought for their benefit as well as for the benefit of Tamela Ward Hahn and the Estate of Edward Lee Hahn.

**WHEREFORE**, Plaintiff respectfully demands judgment against Defendant in the amount of $5,000,000.00.

Respectfully submitted this _____ day of _____ 2023.

> TAMELA WARD HAHN, individually, as Surviving spouse, and Administratrix of the Estate of EDWARD LEE HAHN
>
>
> BY:   *s/Olen G. Haynes, Sr.*
> Olen G. Haynes, Sr., BPR No. 587
> Olen G. Haynes, Jr., BPR No. 19420
> **The Haynes Firm**
> 1009 E. Watauga Ave
> Johnson City, TN 37601
> (423) 928-0165
> (423) 928-2484 (fax)
> ogh@hayneslawyers.com
> oghjr@hayneslawyers.com
>
> *Co-Counsel:*
> Thomas S. Scott, Jr., BPR No. 1086
> **Law Offices of Thomas S. Scott, Jr.**
> 606 W. Main Street, Suite 322
> Knoxville, TN  37902
> (865) 525-2150
> (865) 525-2120 (fax)
> scott@scottlawknox.com
> *Attorneys for Plaintiff*

7